Argued and submitted September 19, reversed and remanded November 8, 1989, reconsideration denied February 2, petition for review allowed March 6, 1990
(309 Or 441)
See later issue Oregon Reports

In the Matter of the Compensation of
Mary E. Williams, Claimant.

## WILLIAMS,
*Petitioner,*

*v.*

## SAIF CORPORATION et al,
*Respondents.*

(87-00078; CA A50956)

781 P2d 1269

Darris K. Rowell, Salem, argued the cause and filed the brief for petitioner.

Yuan Xing Chen, Certified Law Student, Salem, argued he cause for respondent SAIF. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem.

No appearance for respondent Hill Investments.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of an order of the Board that adopted the referee's order that dismissed with prejudice claimant's request for a hearing. We reverse.

Claimant's attorney appeared for the hearing without claimant and moved for a postponement. The motion was denied. He moved to dismiss claimant's request for a hearing without prejudice. That motion was also denied. Finally, he requested that claimant be allowed to proceed on the record[1] and to give her testimony over the telephone. The referee denied the motion and granted SAIF's motion to dismiss with prejudice because of claimant's failure to appear personally and to make herself available for cross-examination. Claimant argues that the referee was without authority to deprive her of the opportunity to put on evidence.

At the time of the hearing, OAR 438-06-071 provided:[2]

"(1)   A request for hearing may be dismissed if a referee finds that the party that requested the hearing has abandoned the request for hearing or has engaged in conduct that has resulted in an unjustified delay in the hearing of more than 60 days.

"(2)   Unjustified failure of a party or the party's representative to attend a scheduled hearing is a waiver of appearance. If the party that waives appearance is the party that requested the hearing, the referee shall dismiss the request for hearing as having been abandoned unless extraordinary circumstances justify postponement or continuance of the hearing."

SAIF does not argue that there is a jurisdictional requirement for appearance of a claimant who has requested a hearing, but argues that ORS 656.283(7), which provides that hearings shall be conducted "in any manner that will achieve

---

[1] The record contained 38 documents.

[2] OAR 438-06-071 became effective within days before claimant's hearing. Previously, the applicable rule provided:

"Failure of a party to appear at a hearing without good cause constitutes a waiver of appearance. If the party failing to appear is the party that requested the hearing, the request for hearing may be dismissed unless good cause is shown and the other party is not prejudiced thereby."

substantial justice," authorizes a referee to dismiss with prejudice, if the claimant does not personally appear. SAIF argues that "substantial justice" includes an opportunity to confront and cross-examine an adverse party before there can be a factual decision on that party's claim.

However, ORS 656.283(7) also states:

> "Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence at hearing * * *."

ORS 656.283(7) ensures that all parties will have the opportunity to present their evidence. Although a claimant may choose to present evidence through her own testimony, her choice not to do so does not prevent the insurer from presenting its evidence in defense of her claim. OAR 438-06-071 contemplates that a request for a hearing may be dismissed with prejudice if neither a claimant nor a claimant's attorney appear for hearing. Nothing in the rule authorizes the referee to dismiss the request simply because the claimant does not appear. Under the Board's rules, claimant was entitled to offer the remainder of her evidence, even if she chose not to testify personally. The referee erred when it denied her that opportunity.[3]

Reversed and remanded.

---

[3] We need not address claimant's other assignments.