Argued and submitted April 12, the decision of the Court of Appeals affirmed, order of
the Workers' Compensation Board reversed in part and remanded to Workers'
Compensation Board for further proceedings September 20, 1990

In the Matter of the Compensation of
Mary E. Williams, Claimant.

Mary E. WILLIAMS,
*Respondent on Review,*

*v.*

SAIF CORPORATION
and Hill Investments,
dba Sheridan Care Center,
*Petitioners on Review.*

(WCB 87-00078; CA A50956; SC S36867)

797 P2d 1036

Jerome Lidz, Assistant Attorney General, Salem, argued
the cause and filed the petition for petitioners on review. With
him on the petition were Dave Frohnmayer, Attorney General,
and Virginia L. Linder, Solicitor General, Salem.

Darris K. Rowell, Salem, argued the cause and filed a response to the petition for respondent on review.

Jerald P. Keene, of Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland, filed a brief on behalf of *amici curiae* Associated Oregon Industries, Association of Workers' Compensation Defense Attorneys, and Oregon Self-Insurer's Association.

Before Peterson, Chief Justice, and Carson, Jones,[**] Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

GILLETTE, J.

Unis, J., specially concurred and filed an opinion.

---

[**] Jones, J., resigned April 30, 1990.

## GILLETTE, J.

This workers' compensation case involves review of an order of the Workers' Compensation Board (Board) that adopted a referee's order that dismissed with prejudice claimant's request for a hearing on the extent of her disability on the ground that claimant failed to appear at the hearing, although her attorney was present and prepared to present evidence. The Court of Appeals reversed and remanded. *Williams v. SAIF*, 99 Or App 367, 781 P2d 1269 (1989). We affirm the decision of the Court of Appeals on different grounds.

On September 29, 1987, a hearing was scheduled in Salem, Oregon, before a referee of the Hearings Division of the Workers' Compensation Board. The primary issue for resolution at that hearing was the extent of claimant's disability. The claimant was sent a notice of hearing on June 12, 1987, to her address near Port Townsend, Washington. On the date scheduled for the hearing, claimant's attorney appeared before the referee but claimant was not present. Claimant's attorney advised the referee that he had received a telephone call from claimant the day before and that claimant told him that she was not able to attend the hearing because she lacked the funds to pay for the trip to Salem. Claimant's attorney moved for a postponement of the hearing, or, in the alternative, that claimant's request for a hearing be dismissed without prejudice. The referee denied both motions. Claimant's attorney then asked the referee to "proceed on the basis of the record" and to take claimant's testimony over the telephone. The referee denied these requests and dismissed with prejudice claimant's request for a hearing.

The next day, September 30, 1987, the referee entered an order which recited the above procedural history and then stated:

"IT IS HEREBY ORDERED that the request for hearing by the claimant in this matter shall be dismissed with prejudice based on OAR 438-06-085."

Claimant appealed to the Board, which affirmed and adopted the referee's order on all issues except one that is not relevant to this appeal. Claimant then sought review in the Court of Appeals.

The Court of Appeals reversed and remanded. *Williams v. SAIF, supra.* The court analyzed the problem this way:

> "ORS 656.283(7)[1] ensures that all parties will have the opportunity to present their evidence. Although a claimant may choose to present evidence through her own testimony, her choice not to do so does not prevent the insurer from presenting its evidence in defense of her claim. OAR 438-06-071[2] contemplates that a request for a hearing may be dis-

---

[1] At the time of the hearing and subsequent Board review in this case, ORS 656.283(7) provided:

> "Except as otherwise provided in this section and rules of procedure established by the board, the referee is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice. The referee shall apply to the hearing of the claim such standards for evaluation of disability as may be adopted by the director pursuant to ORS 656.726. Nothing in this section shall be construed to prevent or limit the right of a worker, insurer or self-insured employer to present evidence at hearing and to establish by clear and convincing evidence that the degree of permanent disability suffered by the claimant is more or less than the entitlement indicated by the standards adopted by the director under ORS 656.726."

ORS 656.283(7) was amended extensively by Oregon Laws 1990 (Special Session), chapter 2, section 20, in respects not pertinent to our decision in this case.

[2] The Court of Appeals *incorrectly* stated:

> "At the time of the hearing, OAR 438-06-071 provided:

> "(1) A request for hearing may be dismissed if a referee finds that the party that requested the hearing has abandoned the request for hearing or has engaged in conduct that has resulted in an unjustified delay in the hearing of more than 60 days.

> "(2) Unjustified failure of a party or the party's representative to attend a scheduled hearing is a waiver of appearance. If the party that waives appearance is the party that requested the hearing, the referee shall dismiss the request for hearing as having been abandoned unless extraordinary circumstances justify postponement or continuance of the hearing."

*Williams v. SAIF,* 99 Or App 367, 369, 781 P2d 1269 (1989) (footnote omitted).

In fact, a different version of OAR 438-06-071, adopted by the Board on August 26, 1987, as a temporary rule, and effective September 15, 1987, was in effect at the time of claimant's hearing on September 29, 1987. It provided:

> "Failure of a party or the party's representative to appear at the time and place scheduled for a hearing is a waiver of appearance. If the party that fails to appear is the party that requested the hearing, the Referee shall issue an order dismissing the request for hearing for failure to appear unless a postponement is granted under 438-06-081."

OAR 438-06-081, which was in effect at the time of claimant's hearing, read:

> "(1) A scheduled hearing shall not be postponed except by order of a Referee after a showing of extraordinary circumstances beyond the control of a party. 'Extraordinary circumstances' means an event or occurrence that physically prevents a party or attorney of record for a party from appearing at the time and place

missed with prejudice if neither a claimant nor a claimant's attorney appear for hearing. Nothing in the rule authorizes the referee to dismiss the request simply because the claimant does not appear. Under the Board's rules, claimant was entitled to offer the remainder of her evidence, even if she chose not to testify personally. The referee erred when it [sic] denied her that opportunity."

*Id.* at 370 (footnote omitted). We granted review to determine whether the referee, and in turn the Board, erred by dismissing claimant's claim with prejudice when claimant, although not personally present, was represented by her attorney at the hearing and was prepared to present evidence. We now conclude that our inquiry cannot proceed so far.

The scope of judicial review in this and all workers' compensation cases is that described in ORS 656.298(6), which reads:

"The review by the Court of Appeals shall be on the entire record forwarded by the board. Review shall be as provided in ORS 183.482(7) and (8)."[3]

---

scheduled for the hearing or that the Referee concludes would result in extreme hardship or manifest injustice if the party or attorney were compelled to appear and to proceed with the hearing. Circumstances that shall not be considered 'extraordinary circumstances' include, but are not limited to:

"(a) An attorney's conflict with administrative or judicial proceedings that were scheduled after the mailing date of the Notice of Hearing;

"(b) Press of business;

"(c) Unavailability of a witness not subpoenaed or not subject to subpoena; and

"(d) Incomplete case preparation.

"(2) As used in this section, 'Referee' means the Referee assigned to the hearing or if the Board directs, the Presiding Referee or a Referee or Referees designated by the Presiding Referee to hear requests for postponement."

[3] ORS 183.482(7) and (8) provide:

"(7) Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. * * * The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.

"(8)(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct

This case presents a classic example of the kind of error contemplated by ORS 183.482(8)(a), *viz.*, "the agency has erroneously interpreted a provision of law."

The provision of law relied upon by the referee and the Board in this case was, according to the referee's order, "OAR 438-06-*085*." The difficulty with this citation is that OAR 438-06-085, on which the referee (and, derivatively, the Board) relied, has nothing to do with the procedural situation that the referee faced. OAR 438-06-085 provided:

> "*DISMISSAL FOR DELAY*. A request for hearing may be dismissed for want of prosecution where the party requesting the hearing occasions a delay of more than ninety (90) days without good cause. Prior to dismissal an order may be entered allowing a specific time within which the party requesting the hearing will have the opportunity to show cause why the case should not be dismissed. The filing of an application for a hearing date without explanation for the prior delay, does not constitute a showing of good cause."

There is no claim in the referee's order, nor any procedural or other facts there recited, that would justify the application of OAR 438-06-085 to this case. The referee and the Board apparently read the rule otherwise, but they erred. This never was, nor did it ever purport to be, a case of "dismissal for delay." In terms of ORS 183.482(8)(a), the referee and the Board have erroneously interpreted a provision of law — in this case, by interpreting the provision of law to apply to a situation, when a correct interpretation shows it does not apply.[4]

---

interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

[4] This ruling will come as no surprise to the parties. It was clear from their oral arguments in this Court that both sides recognized that OAR 436-06-085 did not apply in this case. Neither party even mentioned the rule in its brief to the Court of Appeals.

As the case was decided in the Court of Appeals, however, its focus was not on the reason the referee gave, but rather on the referee's actual authority to dismiss under the rules. In the Court of Appeals, the employer relied on OAR 438-06-*071*,[5] which at least has the virtue of dealing with the subject of dismissal.

The problem here is that the Board and referee did not rely on this rule. Their only reliance was on an inapposite rule. It may be, as the Court of Appeals opined, that the applicable rule was OAR 436-06-071 and that, under that rule, dismissal was inappropriate. We express no opinion on either point because, as our analysis shows, both rulings were *dicta*. The Court of Appeals simply should have reversed and remanded to the Board the case the Board actually decided.

It follows from the foregoing that, although the Court of Appeals used the wrong analysis, the result it reached nonetheless was correct. The referee was not entitled to dismiss the proceeding before him on the basis he cited. The case must be reversed and remanded to the Board for further proceedings not inconsistent with this opinion.

Decision of the Court of Appeals affirmed; order of the Workers' Compensation Board reversed in part; remanded to the Workers' Compensation Board for further proceedings.

**UNIS, J.,** specially concurring.

I agree with the majority's decision that this case must be reversed and remanded to the Workers' Compensation Board for further proceedings. I do not agree with the analysis used by the majority to reach that result.

We granted review in this workers' compensation case to decide whether the referee, and in turn the Board, erred by dismissing claimant's claim with prejudice when claimant, although not personally present, was represented by her attorney at the hearing and was prepared to present evidence. The majority is correct when it concludes that we cannot decide that issue. It is the analysis and reasoning used by the majority for reaching that conclusion with which I disagree. In my view, this court cannot decide that issue because

---

[5] *See supra* note 2.

the Board's order is inadequate for judicial review. I would, therefore, affirm the decision of the Court of Appeals to reverse and remand this case to the Workers' Compensation Board, but on a different ground than that stated by the Court of Appeals or the majority of this court.

The scope of judicial review in this and all workers' compensation cases is that described in ORS 656.298(6), which provides:

"The review by the Court of Appeals shall be on the entire record forwarded by the board. Review shall be as provided in ORS 183.482(7) and (8)."[1]

ORS 183.482(7) and (8) do not, however, describe what a final order in a workers' compensation contested case must contain. I agree with Chief Judge Joseph of the Court of Appeals that ORS 183.470(2) "applies *in substance* to Board orders, because it states requirements which are necessary for effective judicial review" under ORS 183.482(7) and (8). *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205, 752 P2d 312 (1988) (Emphasis added). ORS 183.470(2) provides:

---

[1] ORS 183.482(7) and (8) provide:

"(7) Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. * * * The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure.

"(8)(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

"A final order shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the underlying facts supporting the findings as to each contested issue of fact and as to each ultimate fact required to support the agency's order."

There are practical reasons for the requirement expressed in ORS 183.470(2) that an administrative agency state its factual findings and articulate a rational connection between the facts it finds and the legal conclusions it draws from them.[2] Such articulation facilitates meaningful judicial review, *Ross v. Springfield School Dist. No. 19*, 294 Or 357, 370, 657 P2d 188 (1982); enables the court on judicial review to give an appropriate degree of credence to the agency interpretation, *Springfield Education Assn. v. School Dist. No. 19*, 290 Or 217, 228, 621 P2d 547 (1980); "serve[s] to assure proper application of the law in the individual case," *Ross v. Springfield School Dist. No. 19*, 300 Or 507, 517, 716 P2d 724 (1986); *Ross v. Springfield School Dist. No. 19, supra,* 294 Or at 370; prevents judicial usurpation of administrative functions, Davis, Administrative Law Text 321, § 16.03 (3d ed 1972); assures more careful administrative consideration, *i.e.,* protects against careless or arbitrary action, *id.* at 321-22; provides a source of guidance for agency personnel as well as for persons governed by the statute, *Ross v. Springfield School Dist. No. 19, supra,* 300 Or at 517; helps develop and maintain the consistency in administration, *id.;* facilitates the parties' planning, *i.e.,* helps parties plan their cases for rehearings and judicial review, Davis, Administrative Law Text, *supra,* at 322; and keeps agencies within their jurisdiction. *Id.*

When the Board issues an order in a workers' compensation contested case, this court first should review to determine if the order is adequate for meaningful judicial review, and if so, we then should proceed to review the order as authorized by ORS 183.482(7) and (8). For an order to be adequate for meaningful judicial review, "it must articulate a tenable basis for the legal conclusions by which it applies a statute [or rule] to the facts." *See 1000 Friends of Oregon v.*

---

[2] The Supreme Court of the United States has stated that "the orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." *SEC v. Chenery Corp.,* 318 US 80, 94, 63 S Ct 454, 462, 87 L Ed 626 (1943).

*LCDC,* 305 Or 384, 394, 752 P2d 271 (1988), *quoting Ross v. Springfield School Dist. No. 19, supra,* 300 Or at 517.[3] *See also Market Transport v. Maudlin,* 301 Or 727, 736-37, 725 P2d 914 (1986); *Teledyne Wah Chang v. Energy Fac. Siting Council,* 298 Or 240, 255, 692 P2d 86 (1984). A final order of the Board that contains the findings of fact and conclusions of law substantially like those required by ORS 183.470(2) is necessary for meaningful judicial review as provided in ORS 183.482(7) and (8).

I turn now to the Board's order in this case. The Board did not write its own specific findings of fact and conclusions of law in its order.[4] The Board merely affirmed and adopted the referee's order on all issues except one that is not relevant to this discussion. It is necessary, therefore, to examine the referee's order to determine whether it satisfies the above-described standards, *i.e.,* whether that order is adequate for meaningful judicial review.

As previously stated, the referee's order states that claimant's request for a hearing is "dismissed with prejudice based on OAR 438-06-085." OAR 438-06-085, which was in effect when the referee and the Board entered their respective orders in this case, provided:

> "*DISMISSAL FOR DELAY.* A request for hearing may be dismissed for want of prosecution where the party requesting the hearing occasions a delay of more than ninety (90) days without good cause. Prior to dismissal an order may be

---

[3] In *Ross v. Springfield School Dist. No. 19,* 294 Or 357, 370, 657 P2d 188 (1982), we quoted from *Springfield Education Assn. v. Springfield School District No. 19,* 290 Or 217, 227, 621 P2d 547 (1980):

"The requirement of ORS 183.470 that the order contain findings of fact and conclusions of law is a requirement that the reasoning by which the agency applies a statute to facts to reach a result be expressed in the order. If the statute is plain on its face, the reason is obvious and may be expressed by a simple statutory reference. If the statute requires interpretation, however, the interpretation and the agency's rationalization of it are properly a part of the reasoning of the order. Thus, under ORS 183.470, the order itself is the instrument by which an agency demonstrates that a particular interpretation or application of a statute is within a generally expressed legislative policy."

[4] The Board need not, in every instance, write its own specific findings of fact and conclusions of law in its order on *de novo* review of the decision of a referee. *See* ORS 656.295(6). *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 205 n 4, 752 P2d 312 (1988). The Board "may adopt the opinion and order of a referee in whole or in part; it may write its own order in whole or in part. Its obligation is to provide for our review a final order satisfying the import of ORS 183.470(2)." *Id.*

entered allowing a specific time within which the party requesting the hearing will have the opportunity to show cause why the case should not be dismissed. The filing of an application for a hearing day without explanation for the prior delay, does not constitute a showing of good cause."

The referee's citation, in his final order, to OAR 438-06-085 is not supported by any reasoning. The referee's order is, for the most part, a recitation of the various requests made by claimant's attorney on claimant's behalf and the objections and arguments of the attorney representing claimant's employer and its insurer, followed by a bare conclusion. The referee's order does not demonstrate that claimant delayed the hearing, much less that she did so without good cause. It is devoid of specific findings of fact that would lead to and support the referee's ultimate conclusion to dismiss with prejudice claimant's request for hearing on the basis of OAR 438-06-085. The referee's order, adopted by the Board, is, therefore, inadequate to permit meaningful judicial review as provided in ORS 183.482(7) and (8). This conclusion is reinforced by the following reasoning. Assume that the referee's order in this case was the same except that it stated that claimant's request for a hearing is "dismissed with prejudice" and made no reference to any rule. Such an order obviously would not be adequate for an appellate court to conduct meaningful judicial review under ORS 183.482(7) and (8). Here both parties agree that "the referee's decision, adopted by the Board, * * * cited an inapposite rule as the ground for dismissal." For purposes of determining whether a referee's order is adequate for meaningful judicial review, reliance by citation to an "inapposite rule" is no different than a failure to cite a rule.

In this case, the Court of Appeals reversed the Board on the basis that ORS 656.283(7) and OAR 438-06-071 entitled the claimant to offer her evidence even though she was absent from the hearing. At no time, however, did the referee or the Board consider that particular statute and rule. Neither of the parties argued to the referee or the Board that ORS 656.283(7) or OAR 438-06-071 were relevant in determining whether to dismiss with prejudice claimant's request for hearing. Since a remand of this case for further proceedings is necessary, *see Teledyne Wah Chang v. Energy Fac. Siting Council, supra,* 298 Or at 255-56, I express no opinion

regarding the correctness of the Court of Appeals' application of ORS 656.283(7) and OAR 438-06-071.