Argued and submitted March 15, affirmed May 22, 1991

In the Matter of the Compensation of
E. Earlene J. Little, Claimant.

## SAFEWAY STORES, INC.,
*Petitioner,*

*v.*

## E. Earlene J. LITTLE,
*Respondent.*

(87-19635; CA A66555)

811 P2d 1384

Kenneth L. Kleinsmith, Portland, argued the cause for petitioner. With him on the brief was Meyers & Radler, Portland.

Dale C. Johnson, Eugene, argued the cause for respondent. With him on the brief was Malagon, Moore & Johnson, Eugene.

Before Richardson, Presiding Judge, and Deits and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer seeks review of a Workers' Compensation Board order that held that it had prematurely terminated claimant's temporary total disability (TTD) benefits in violation of OAR 436-60-030(5) and that, therefore, she is entitled to a penalty and attorney fees. We affirm.

In May, 1987, claimant sustained a compensable back injury, for which she received TTD compensation. She saw Dr. Womack, a chiropractor, Dr. Hendricks, an orthopedist, and Dr. Marier, her "regular" physician, for that injury and several unrelated conditions. She also saw Dr. Baker, another orthopedist, at the request of employer. On December 2, 1987, Marier notified claimant by letter that he had approved her return to light work. The letter stated, in part:

> "I have been contacted by the Central Office at Safeway Stores, Inc. They have informed me that they are willing to offer you any sort of limited duty employment that you can tolerate.
>
> "Thusly, I am approving you for limited duty to return to work."

Employer terminated claimant's benefits the same day.[1]

On December 11, 1987, Baker released claimant to return to light work, and employer sent her an offer of employment that incorporated his statement. Claimant refused to accept the offered job on December 18, 1987, saying that Baker had told her that she could not return to work until she had had back therapy. Thereafter, she sought reinstatement of her benefits as of December 2, a penalty and attorney fees. The referee found that Baker was claimant's treating physician, held that the requirements of OAR 436-60-030(5) were met as of December 11 and awarded TTD benefits up to that date.

Claimant sought Board review. The Board first found that Baker was not claimant's attending physician. Then, it said:

> "In this case, it is extremely difficult to determine whether Dr. Hendricks, Dr. Marier or Dr. Womack is the

---

[1] The record does not indicate why employer chose to terminate claimant's TTD benefits on that date.

attending physician. However, resolution of that factual issue is not necessary to determine whether claimant's temporary total disability compensation was improperly unilaterally terminated. The employer had the responsibility under the rule to resubmit the job offer to claimant after the treating doctor approved the job offer, especially in light of her response to the earlier job offer. Accordingly, whether the treating physician was Dr. Hendricks, Dr. Marier or Dr. Womack, the employer failed to comply with the procedural requirements of OAR 436-60-030(5).

"Since the triggering event is the worker's refusal of a job offer, and the employer terminated claimant's benefits prior to her refusal of a job offer based on Baker's authorization, we conclude that the employer unilaterally ceased payment in violation of the rule. Furthermore, because in this case it was incumbent on the employer to resubmit the job offer to claimant after the treating doctor's agreement not [sic] to the duties, the termination was not permissible even after claimant's refusal."

OAR 436-60-020(5), provides:

"An insurer shall cease paying temporary total disability compensation and start making payment of such temporary partial disability compensation as would be due in section (1) when an injured worker refuses wage earning employment prior to claim determination *under the following conditions:*

"(a) the attending physician *has been notified* by the employer or the insurer of the specific duties to be performed by the injured worker and the physical requirements thereof;

"(b) the attending physician *agrees* that the offered employment appears to be within the workers' capabilities; and

"(c) the employer *has provided* the injured worker with a written offer of the employment which states the beginning time, date and place; the duration of the job, if known; the wage rate payable; an accurate description of the job duties and that the attending physician has said the offered employment appears to be within the worker's capabilities." (Emphasis supplied.)

Employer argues that there is not substantial evidence to support the Board's finding that Baker was not claimant's "attending physician."[2] Instead, it asserts that either Baker

_____
[2] ORS 656.005(12) provides, in part:

or Marier was. Accordingly, because either or both of them agreed to release claimant to the light duty job that employer ultimately offered her, employer argues that it complied with the rule. It also asserts that the Board erred when it stated that resubmission of the offer was required under the rule. Claimant relies on the facts that employer terminated her benefits before it received her refusal and that, notwithstanding that refusal, it failed to submit to her a job offer that complied with the rule.

■ There is substantial evidence to support the Board's finding that Baker was not claimant's attending physician. He examined claimant at employer's request, and claimant was then seeing other doctors for her back condition. Substantial compliance with the procedural requirements of OAR 436-60-020(5) is insufficient to authorize an employer to terminate TTD benefits. *Eastman v. Georgia Pacific Corp.,* 79 Or App 610, 719 P2d 1310 (1986). Employer did not comply with the requirements of the rule when it terminated benefits *before* claimant had either received or refused its written offer of employment. Further, even if Marier was claimant's attending physician, the improper termination was not rectified by claimant's refusal of the offer, because the offer did not contain a statement that he had said that the offered employment was within her capabilities. The Board was correct when it held that, in the light of the initial invalid offer, employer was required to submit an offer to claimant that complied with the rule before it could terminate her benefits.

■ Employer also asserts that, because claimant did not personally appear at the hearing, the Board erred when it refused to dismiss the request for hearing. Employer is wrong. *See Williams v. SAIF,* 99 Or App 367, 781 P2d 1269, *aff'd* 310 Or 320, 797 P2d 1036 (1990).

■ Last, employer asserts that, under ORS 656.262(10) and ORS 656.382(1), the Board erred in assessing a penalty and attorney fees for employer's unreasonable refusal to pay compensation. Under the facts, the Board did not err.

Affirmed.

---

" 'Attending physician' means a doctor or physician who is primarily responsible for the treatment of a worker's compensable injury."