In the Matter of the Compensation of
Froylan L. Zurita, Claimant.

Froylan L. ZURITA,
*Petitioner,*

*v.*

CANBY NURSERY
and SAIF Corporation,
*Respondents.*

(90-07147; CA A70516)

838 P2d 625

Edward J. Harri, Salem, argued the cause for petitioner. With him on the brief were Michael B. Dye and Brad G. Garber, Salem.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The issue before us in this workers' compensation case is whether hearsay statements regarding the cause of an injury contained in medical reports constitute *prima facie* evidence of causation under ORS 656.310(2).

On December 12, 1989, claimant sought treatment from Dr. Miller for back pain. He did not see Miller again, but in March, 1990, he saw Dr. Poul. The doctors' reports contained claimant's account that he had injured his back loading trees at work. Claimant did not personally attend the referee's hearing. He appeared through counsel. SAIF withdrew all of the exhibits that it had previously submitted, which included the medical reports. Claimant's attorney then offered the medical reports. SAIF objected to the documents as inadmissable hearsay, because claimant was not present for cross-examination. The referee excluded the reports and upheld the denial.

■ ORS 656.310(2) provides, in part:

"The contents of medical, surgical and hospital reports presented by claimants for compensation shall constitute prima facie evidence as to the matter contained therein; so, also, shall such reports presented by the insurer or self-insured employer, provided that the doctor rendering medical and surgical reports consents to submit to cross-examination."

The Board ruled that the excluded reports should have been admitted. However, it held that the statements in the reports regarding causation do not constitute *prima facie* evidence that the injury claimant suffered occurred on the job. It reasoned:

"[H]earsay statements of matter not reasonably pertinent to diagnosis and treatment have little indicia of reliability; therefore, we do not accord them status as prima facie evidence and give them little weight. In this case, claimant's statements to the doctor that he hurt his back lifting and twisting are reasonably pertinent to the doctor's diagnoses and treatments. Accordingly, those statements constitute prima facie evidence that claimant so hurt his back.

"[C]laimant's statements in the medical reports that the lifting and twisting happened at work are not reasonably

pertinent to diagnosis or treatment. They are not prima facie evidence of the fact asserted; we accord them little weight."

Claimant argues that, under ORS 656.310(2), the *complete* contents of the documents constitute *prima facie* evidence of "matters contained therein," including matters regarding causation. He contends that, under *Williams v. SAIF*, 99 Or App 367, 781 P2d 1269 (1989), he was entitled to prosecute his case through counsel and was not required personally to appear at the hearing. Therefore, he argues, SAIF was required to present evidence to rebut the *prima facie* case established by the reports; and, because SAIF did not do so, the only evidence on record establishes the compensability of his injury.

Employer cites legislative history in support of the Board's interpretation that the "matter" that constitutes *prima facie* evidence under ORS 656.310(2) is statements related to diagnosis or treatment, not to causation. The statute was first enacted in 1965. Or Laws 1965, ch 285, § 40. The sponsor, Representative Skelton, testified about its purpose:

"Mr. Chairman, this is the amendment which I believe is necessary for a claimant to be able to make his case out, a prima facie case, without having to bring in doctors, the custodian of hospital records, to testify. *Under this amendment the report submitted by the claimant's doctor would become primary evidence much as in the records rule which is now under the exception to the hearsay rule;* and this particular kind of language is found in almost all compensation acts. It merely will result in the referee, or the hearing officer, having before him reports which he himself takes at face value. It merely enables the claimant to make out his case without the expense and delay * * * [garbled].

"* * * * *

"I have set the two standards for the simple reason that, now these are taken almost word for word out of the Wisconsin Act. Let me give you the footnote on the Wisconsin Act. It says '[t]he purpose of this provision is to equalize, to a degree, the opportunity for parties to present pertinent testimony. The cost of appearance of medical witnesses is at times prohibitive to employees. Under this provision the burden of producing the physician for cross-examination desired is imposed upon the employer or insurance company.' " (Emphasis supplied.)

We agree that the legislative history does not demonstrate that the legislature intended that all "matter" in a medical report constitutes *prima facie* evidence. Rather, the intention was to give it that weight on *medical* issues. Under ORS 656.310(2), medical reports establish *prima facie* evidence of medical matters.

■ Claimant contends that giving that limiting interpretation to "matter" in ORS 656.310(2) "accomplishes everything sought to be prevented by *Williams v. SAIF*, [*supra*] * * *." We do not agree. Under *Williams*, a claimant's case cannot be dismissed if the claimant chooses to present the case through counsel. *Williams* does not stand for the proposition that, if a claimant does rely on the record, the burden of proof will necessarily be met. As we noted in *Miller v. Granite Construction Co.*, 28 Or App 473, 476, 559 P2d 944 (1977):

> "[The doctor's] conclusions are valid as to the matter of causation only to the extent that the underlying basis of those opinions, the reports of claimant as to the circumstances of the accident and the extent of the resulting injury, are accurate and truthful."

The facts surrounding the occurrence of an on-the-job injury may be uniquely within a claimant's knowledge. Nonetheless, a claimant is entitled to present the case as he or she chooses. A claimant may testify personally or present other witnesses or he or she may rely on statements contained in medical reports. However, in the latter instance, a claimant runs the risk that the reports may not be sufficient to carry the burden of proof on work-connectedness.

■ The Board is not bound by the rules of evidence, ORS 656.283(7), and it may receive hearsay evidence and evaluate its weight in the light of the circumstances of the case. Although claimant presented sufficient evidence to reach the factfinder and there was no evidence to the contrary, nonetheless the Board could conclude that claimant's evidence was not persuasive and that he was not injured on the job.

Affirmed.