Argued and submitted May 17, 1999, reversed and remanded February 9, 2000

# Harold W. DEARBORN,
*Petitioner,*

*v.*

# REAL ESTATE AGENCY,
*Respondent.*

## (CA A101556)

997 P2d 239

Michael Ratliff argued the cause for petitioner. With him on the brief was Ratliff & Whitney-Smith.

Jas. J. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

**LINDER, J.**

Petitioner seeks judicial review of the Real Estate Commissioner's final order on reconsideration. That order suspended petitioner's real estate broker's license based on his conviction on two counts of possession of a controlled substance. Petitioner admits that he violated the criminal code by possessing controlled substances, but he contends that the Commissioner erred when he concluded that that conduct warranted the suspension of petitioner's real estate broker's license. We reverse and remand.

Petitioner does not challenge any of the Commissioner's factual findings, and the facts that ultimately led to the suspension of his license are essentially undisputed. Petitioner was first licensed as a real estate salesperson in 1969. In 1973, he was licensed as an associate real estate broker. From 1985 to October 1996, he was licensed as a designated broker. On October 24, 1996, he surrendered his license, and the license then became inactive. The Commissioner found that from 1969 until 1996, no disciplinary action was taken against petitioner. The record contains several letters from real estate professionals who worked with petitioner over the years, testifying to his professional honesty and integrity.

On October 4, 1996, petitioner was arrested at his home. Small amounts of cocaine and methamphetamine were found. The police investigation revealed that petitioner sometimes picked up transients and exchanged drugs for sex with them. One of those transients was under 18 years old, although petitioner stated that he had thought that individual was 18. After his arrest, petitioner was indicted in a seven-count indictment on charges of possession of controlled substances (cocaine and methamphetamine), conspiracy, promoting prostitution, prostitution, endangering the welfare of a minor, and furnishing obscene materials to a minor. Subsequently, he pleaded guilty to the two counts of possession of a controlled substance. The other counts of the indictment were dismissed.

Petitioner was placed on probation for 18 months and was ordered to serve 10 days in jail, to perform community service, and to pay a $500 fine. Among the conditions of

petitioner's probation was a requirement that he have no contact with juveniles without the approval of his probation officer. By the time of the disciplinary hearing before the Commissioner, petitioner had satisfied most of the requirements of his probation: he had paid his fine and performed his community service; his driver's license, which had been suspended for six months, had been reinstated; and his probation officer had recommended that his probation be converted to unsupervised bench probation. Petitioner testified that he had had no contact with any persons under age 18 while he was on probation. Petitioner's probation was due to end in October 1998.

After petitioner pleaded guilty in the criminal case, the Real Estate Commission issued a notice of intent to revoke his license. Petitioner requested a hearing and, in February 1998, a hearing was held before the Commissioner. The Commissioner later issued an order, suspending petitioner's real estate broker's license. After petitioner filed his petition for judicial review of that order, the Commissioner withdrew his order for reconsideration. *See* ORS 183.482(6); ORAP 4.35. In November 1998, the Commissioner issued his final order on reconsideration, again ordering that petitioner's real estate broker's license be suspended. That order also provided that, after the Commissioner was notified of the successful completion of petitioner's probation, petitioner's broker's license would be revoked and he would be issued a limited salesperson's license. The Commissioner "intended that [petitioner] be allowed to work in the profession after satisfactory completion of [his] probation, but under the close supervision of a broker." Petitioner's "limited license status" was ordered to continue for two years. Assuming that he "encounters no further difficulties during the term of the limited license," he was to be "considered rehabilitated" and would be issued an "unrestricted license." Petitioner timely filed an amended petition for judicial review of the Commissioner's order on reconsideration.

The Commissioner suspended petitioner's real estate broker's license based on the conclusion that he had violated ORS 696.301(26) and (31). That statute provides that the Commissioner may suspend or revoke the license of any real estate licensee, reprimand any licensee, or deny the

issuance or renewal of the license of any applicant, "who has done any of the following":

"(26)   Entered a plea of nolo contendere, or has been found guilty of, or been convicted of, a felony or misdemeanor substantially related to the licensee's trustworthiness or competence to engage in professional real estate activity.

"* * * * *

"(31)   Any act or conduct, whether of the same or of a different character specified in this section which constitutes or demonstrates bad faith, incompetency or untrustworthiness, or dishonest, fraudulent or improper dealings."

ORS 696.301.

Petitioner argues that those statutory subsections, and ORS 696.301 as a whole, permit suspension of a real estate license or other discipline of a licensee only for "actions that were part of and directly impact his duties as a real estate licensee or broker." Petitioner contends that conviction of two counts of possession of a controlled substance cannot satisfy that standard, at least where the drug possession is not shown to have had any relation to or effect on real estate activity as such.

In support of his argument, petitioner notes that the other subsections of ORS 696.301 all appear to deal with ethical violations or improper practice directly related to a licensee's real estate activity. *See PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993) (analyzing meaning of statute based on its text and context). Petitioner relies on *Klein v. Real Est. Comm. Holbrook,* 19 Or App 646, 653, 528 P2d 1355 (1974), in which we held that, when the statutory predecessor to ORS 696.301(31) (*former* ORS 696.300(1)(q)) was

"considered in context with the language of the entire section, applying the familiar rule of statutory construction *noscitur a sociis* (associated words), it is our conclusion that the conduct referred to is limited to acts by the licensee in his capacity as a broker or salesman, excepting where the licensee is acting for himself in a private capacity * * *."

As the Commissioner's order acknowledges, ORS 670.280 also is relevant here. That statute states that, with the exception of the suspension or revocation of a teacher's or a school administrator's license, "no licensing board or agency shall deny, suspend or revoke an occupational or professional license or certification *solely for the reason that the applicant or licensee has been convicted of a crime*[.]" (Emphasis added.) The statute further provides, however, that a licensing board or agency may nevertheless "consider the relationship of the facts which support the conviction and all intervening circumstances to the specific occupational or professional standards in determining the fitness of the person to receive or hold such license or certificate."

The agency counters by questioning the "continuing validity" of the statutory interpretation set out in our decision in *Klein*. The agency also argues that ORS 696.301(26) permits the revocation or suspension of a real estate license based on a conviction for drug possession and that ORS 696.301(26) and (31) "provide the equivalent of a 'moral turpitude' standard by authorizing sanctions for conduct evincing untrustworthiness, even if not directly related to [past] broker activity[.]"

We conclude that, on this record, we need not resolve this dispute between the parties or determine whether our reading of the statute in *Klein* remains correct. The agency admits that, at a minimum, ORS 696.301 requires a "substantial nexus" between the conduct that led to the disciplinary action and "the licensee's *future* activity as a broker" or salesperson. (Emphasis in original.) The agency asserts that "[t]he key issue in this case is whether the evidence supports the finding of a substantial nexus between petitioner's conduct and the risk of untrustworthiness in his real estate brokerage activities."

■    We agree with the agency's position in that regard. ORS 696.301(26) permits disciplinary action based on a criminal conviction only if the conviction is "substantially related to the licensee's trustworthiness or competence to engage in professional real estate activity." Even if that statute does not require that the conviction have been directly related to past real estate activity, it does require a nexus between the

conviction and the licensee's future conduct "in professional real estate activity." Any other reading of the statute would be contrary both to its express terms and to the terms of ORS 670.280, which provides that, with certain exceptions not pertinent here, no professional or occupational license can be suspended, revoked or denied "solely for the reason that the applicant or licensee has been convicted of a crime[.]" Some connection is required between the conviction and past or future occupational or professional conduct.

■  The Commissioner appears to have read the statute in the same way. In his final order on reconsideration, the Commissioner identifies and relies on two purported connections between petitioner's criminal convictions (and the conduct that led to those convictions) and his trustworthiness and competence to engage in real estate activity. Those two connections are: (1) the risk that petitioner would have improper contact with persons under 18 years old, and (2) the risk that petitioner's drug use would lead to misbehavior in his real estate practice. In the abstract, such concerns might well be both related to a licensee's trustworthiness or competence as a real estate broker or salesperson and sufficient to warrant disciplinary action. In this case, however, there is no factual support for the link that the Commissioner identified between petitioner's conviction and his real estate activity, past or future.

■ ■  Administrative agencies "are required to demonstrate in their opinions the reasoning that leads the agency from the facts that it has found to the conclusions that it draws from those facts." *Drew v. PSRB*, 322 Or 491, 500, 909 P2d 1211 (1996) (emphasis omitted). One purpose of that requirement is that " '[s]uch articulation [of the agency's reasoning] facilitates meaningful judicial review[.]' " *Id.* (quoting *Williams v. SAIF*, 310 Or 320, 329, 797 P2d 1036 (1990) (Unis, J., specially concurring)). Here, the Commissioner satisfied that requirement and set out the rationale for his decision. What is lacking is the factual support for that rationale. Stated a different way, we reverse not because the concerns identified by the Commissioner fail to fit the statutory standard, but because the concerns fail to fit the facts.

In the section of his final order that explains the reasoning that led to his decision, the Commissioner suggested that because at least one of petitioner's sexual partners in the past was under 18 years of age, a "significant" risk was created for "the unsuspecting real estate consumer and family[.]" The Commissioner acknowledged that "there is no evidence of [petitioner's] use of his position as a real estate licensee for soliciting sexual partners or of his approaching clientele or their families for such purposes[.]" Nevertheless, the Commissioner found the risk of such behavior to be "unacceptable" based on the Commissioner's speculation that petitioner might "indiscriminately seek sexual liaisons with strangers," apparently including individuals he encountered in his real estate business, "who could be juveniles, and entice them with drugs, which he also uses."

There is no factual support in this record for the nexus that the Commissioner identified between petitioner's convictions, on the one hand, and his trustworthiness and competence to engage in professional real estate activity, on the other. Instead, that nexus is based purely on supposition. *See Garcia v. Boise Cascade Corp.,* 309 Or 292, 295, 787 P2d 884 (1990) (finding is supported by substantial evidence if it is "reasonable in light of countervailing as well as supporting evidence"). As the Commissioner acknowledged in his order, nothing in the record suggests that petitioner ever used his position as a real estate licensee as a basis for soliciting sexual partners. Nothing suggests that he ever approached any client or any member of any client's family for an illicit purpose. Although his solicitation of transients as sexual partners and his offer to exchange drugs for sex may be reprehensible and even criminal, any link between that behavior and petitioner's real estate activity is, on this record, based on pure conjecture. The Commissioner described petitioner's choice of sexual partners as "indiscriminate," which may be apt. Nevertheless, the record indicates that petitioner always kept his sexual behavior, and his drug use, separate from his work. As the agency admits in its brief, some link between criminal behavior and real estate practice, past or future, is required. None is established here.

The Commissioner also was concerned that petitioner might have contact with persons under age 18 due to

petitioner's work in the real estate profession, which was forbidden under the terms of petitioner's probation. The Commissioner evidently believed that suspension of petitioner's license therefore was necessary to ensure petitioner's compliance with his probation conditions. We need not decide whether suspension of a real estate license would be authorized on such a rationale. Here, by the time that the Commissioner issued his final order on reconsideration, petitioner's probation apparently had ended, and the probation condition prohibiting him from having contact with juveniles, without his probation officer's consent, was no longer in effect.

In his final order, the Commissioner also identified a link between petitioner's drug use and a future risk to his real estate clients. The Commissioner opined that "a licensee using drugs, who has access to people's homes, also has access to any prescription drugs, cash, or other things convertible to cash found in a home. To allow such an individual this type of access," the Commissioner concluded, "is an unacceptable risk." Again, while such a concern about a drug user might be justified in the abstract, nothing in the record supports that concern here. Petitioner had been licensed for decades and had never before been the subject of any disciplinary action. Nothing, other than imagination, suggests that he would use or ever had used his position as a real estate licensee to take drugs, cash, or anything else from a client's home.

In sum, we reverse and remand in this case because we find no factual support in the record to justify the concerns identified in the Commissioner's final order. Although a conviction for possession of a controlled substance may possibly be linked to a licensee's trustworthiness or competence to engage in professional real estate activity, here the facts simply do not support the nexus between past criminal conduct and future risks that are cited by the Commissioner.

Reversed and remanded.