Argued and submitted April 20, affirmed August 5, 1992

In the Matter of the Compensation of
Jesus H. Ferrer, Claimant.

## GEORGIA-PACIFIC CORPORATION,
*Petitioner,*

*v.*

## Jesus H. FERRER,
*Respondent.*

(90-16636; CA A71244)

835 P2d 949

Charles L. Lisle, McMinnville, argued the cause for petitioner. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Brent Wells, Eugene, argued the cause for respondent. With him on the brief were Jon C. Correll and Malagon, Moore & Johnson, Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this workers' compensation case, petitioner, a self-insured employer, seeks review of an order of the Board affirming the referee's decision to overturn employer's denial of claimant's claim for compensation. We affirm.

On June 21, 1990, claimant filed a claim for an upper back strain arising out of his employment as a millworker. Claimant alleged that he first noticed the onset of symptoms on or about May 15, 1990, but he did not seek medical treatment until his back pain became intolerable. On June 25, 1990, he sought medical treatment from Dr. Brazer, who noted muscle spasms. Brazer allowed claimant to continue working with restrictions against lifting over 20 pounds and referred him to an orthopedist, Dr. Adams, who diagnosed an upper back and neck strain caused by his work. In July, claimant was seen by another orthopedist, Dr. Woolpert, who also diagnosed a cervical-thoracic strain, caused by claimant's work. There were specific findings of tenderness along the spine. With the approval of Brazer and Adams, claimant was limited to light work with restrictions for several weeks.

On August 6, 1990, employer denied the claim for compensation, on the basis that there were insufficient *objective* medical findings of a compensable injury. The referee held that ORS 656.005(7)(a) does not require a specific "quantum" of objective findings and that claimant had established that his injury was compensable. The Board affirmed, citing only *Suzanne Robertson*, 43 Van Natta 1505 (1991), in which the Board upheld the compensability of the claimant's injury after examining the legislative history of ORS 656.005(7)(a) to determine the meaning of "objective findings." Employer petitions for review of that decision.

Employer argues that the Board erred as a matter of law in adopting the referee's decision that claimant had established a compensable injury supported by objective medical findings. ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means,

*if it is established by medical evidence supported by objective findings * * *."* (Emphasis supplied.)

In addition, ORS 656.005(19) provides:

" *'Objective findings'* in support of medical evidence include, but are not limited to, range of motion, atrophy, muscle strength, muscle spasm and diagnostic evidence substantiated by clinical findings." (Emphasis supplied.)

In *Suzanne Robertson, supra,* the Board discussed the legislative history of the statute, and section 19 in particular, concluding:

"[T]he legislature did not intend to exclude those findings based on an injured worker's subjective complaints. Rather, we believe that the intent was to require a determination by a physician, based on examination of the injured worker, that an injured worker has a disability or need for medical services. *Such a finding* may be based on a physically verifiable impairment, but, as stated by the committee members, *may also be based on the physician's evaluation of the worker's description of the pain that she is experiencing."* (Emphasis supplied.)

Employer concedes that ORS 656.005(19) is ambiguous "in that it is unclear whether or not 'objective findings' may be based on an injured worker's subjective complaints." It also agrees that the decision in *Suzanne Robertson* is a correct statement of legislative intent. However, it asserts that the Board erred, because "[t]he facts of this case present a perfect example of doctors prescribing treatment and disability based solely upon a worker's subjective representation of injury," and that, under the facts, the doctors' evaluation of claimant's complaints cannot be deemed "tantamount to 'diagnostic evidence substantiated by clinical findings,' " within the meaning of ORS 656.005(19).

The record shows that each physician's diagnosis was based both on claimant's subjective responses that he experienced pain at various locations on his body and on a physical examination of objective muscle responses. Brazer reported claimant's complaints of continuing tenderness along his spine over a one-month period, along with objective findings of muscle spasms. Woolpert reported that claimant had tenderness in response to palpation in the sub-occipital, paravertebral, trapezius and rhomboid areas. He also noted

that compression testing produced increased neck pain that was relieved with traction. Adams explained the results of his examination:

"[T]he only objective findings that I could find was the fact that [claimant] was tender in multiple areas about the lower neck, upper back, shoulders, lower back and all along his spine. * * * *It is a relatively objective finding when the patient says he hurts when you touch him.*" (Emphasis supplied.)

In examining the facts in *Suzanne Robertson, supra,* the Board held:

"[The doctor] stated that claimant had a pulling sensation while testing the range of motion of the lumbar spine and muscle tenderness on palpation. He did not report that claimant merely complained of a pulling sensation or tenderness. *He determined, evidently based on his physical exam, that she did, in fact, suffer from those conditions.*" 43 Van Natta at 1507. (Emphasis supplied.)

Similarly, on the basis of their objective evaluations of claimant's complaints of pain in specific areas of his back and his muscular responses during physical examinations, all three doctors in this case concluded that claimant suffers from a cervical dorsal strain. The Board did not err.

Affirmed.