Argued and submitted June 17, 1992, remanded to Board for modification of award; otherwise affirmed March 17, reconsideration denied June 18, petition for review denied July 27, 1993 (317 Or 272)

In the Matter of the Compensation of
Doris A. Pace, Claimant.

STANLEY SMITH SECURITY,
*Petitioner,*

*v.*

Doris A. PACE,
*Respondent.*

(90-08372; CA A72660)

848 P2d 1218

Darren L. Otto, Portland, argued the cause for petitioner. With him on the brief was Scheminski & Lyons, Portland.

David C. Force, Salem, argued the cause for respondent. With him on the brief was Vick & Gutzler, Salem.

DEITS, J.

Richardson, C. J., dissenting.

## DEITS, J.

Employer seeks review of an order of the Workers' Compensation Board awarding claimant interim compensation under ORS 656.273(6) on her aggravation claim that was eventually determined to be noncompensable.[1]

In January, 1990, claimant experienced what she regarded as an aggravation of a compensable injury involving her head, upper back and right arm and shoulder. The original claim had been closed by a determination order in December, 1989. The aggravation claim consisted of a report from claimant's treating chiropractor. Employer received the report on January 18, 1989, but did not deny or accept the claim. On April 16, 1990, claimant requested a hearing alleging a *de facto* denial. The referee found that the report submitted by claimant's treating chiropractor constituted an aggravation *claim*, but concluded that claimant failed to prove that her claim was compensable. The referee, however, did award claimant interim compensation under ORS 656.273(6), because employer did not deny or accept her claim within 14 days of the notice of the claim.

Both parties sought Board review. Employer requested review of the referee's award of interim compensation to claimant. The Board held that claimant was entitled to interim compensation from January 18, 1990, through July 11, 1990, the date that claimant returned to regular work.

■ Employer assigns error to the Board's determination that claimant was entitled to interim compensation. It first argues that the Board was wrong in concluding that the chiropractor's report constituted an aggravation claim. Employer argues that the report was insufficient to constitute an aggravation claim, because it summarized claimant's subjective complaints of pain but was not supported by objective medical findings.

The Board held, and the parties agree, that the claim is subject to the amendments by Oregon Laws 1990 (Special Session), chapter 2, section 18. *See Carlson v. Valley Mechanical*, 115 Or App 371, 838 P2d 637 (1992), *rev den* 315 Or 311

---

[1] Claimant has not contested the referee's determination that the claim is not compensable.

(1993). As amended, ORS 656.273(3) states that: "A physician's report establishing the worsened condition by written medical evidence supported by objective findings is a claim for aggravation." (Or Laws 1990, ch 2, § 18.) The chiropractor's report stated:

"[Claimant's] condition has deteriorated markedly since her IME of November 7, 1989. Since that examination, the [claimant] has experienced increases in her headaches, she also has increased pain in her right arm with numbness in her right fingers and increased pain in her right shoulder. She is still having headaches and dizziness and I feel that this [claimant] is unable to return to her previous job as a security guard.

"[Claimant] cannot use her right hand at this time, as her right hand is not only painful, but her right forearm is in a splint at this time to minimize her pain."

In *Georgia-Pacific Corp. v. Ferrer*, 114 Or App 471, 835 P2d 949 (1992), we discussed the legislature's intent when it added the requirement that medical evidence be supported by objective findings before it would be sufficient to establish a compensable injury. We agreed with the Board's conclusion that, in adding the term "objective findings,"

" 'the legislature did not intend to exclude those findings based on an injured worker's subjective complaints. Rather, we believe that the intent was to require a determination by a physician, based on examination of the injured worker, that an injured worker has a disability or need for medical services. *Such a finding* may be based on a physically verifiable impairment, but, as stated by the committee members, *may also be based on the physician's evaluation of the worker's description of the pain that she is experiencing.*' " 114 Or App at 474. (Emphasis in original.)

We see no reason to interpret the term "objective findings" differently for aggravation claims than for compensable injuries. We conclude that the chiropractor's report was an aggravation claim. The chiropractor examined claimant and, on the basis of that examination and his evaluation of her subjective complaints, he determined that her underlying condition had worsened and that she was unable to perform her regular work.

Employer next argues that the Board erred in awarding claimant interim compensation, because her aggravation

claim was ultimately found to be noncompensable. According to employer, the amendments to ORS 626.273 added the requirement that an aggravation claim be compensable before there is any obligation to pay interim compensation.

As amended, ORS 656.273 provides, in part:

"(1) After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. *A worsened condition resulting from the original injury is established by medical evidence supported by objective findings. However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable.* * * *

"* * * * *

"(3) *A physicians's report establishing the worsened condition by written medical evidence supported by objective findings is a claim for aggravation.*

"* * * * *

"(6) A claim submitted in accordance with this section shall be processed by the insurer or self-insured employer in accordance with the provisions of ORS 656.262, except that the first installment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from a *compensable worsening under subsection (1) or (8) of this section.*

"* * * * *

"(8) *If the worker submits a claim for aggravation of an injury or disease for which permanent disability has been previously awarded, the worker must establish that the worsening is more than waxing and waning of symptoms of the condition contemplated by the previous permanent disability award.*" (Emphasized language added by Or Laws 1990, ch 2, § 18.)

Employer argues that the addition of the word "compensable" to ORS 656.273(6) and changing the reference in that subsection from ORS 656.262(4) to a general reference to ORS 656.262 made interim compensation for aggravation claims dependent on a determination of compensability. The Board, sitting *in banc*, held that these changes to ORS

656.273(6) did not limit the availability of interim compensation only to compensable aggravation claims. It explained:

> "We have held that to constitute an aggravation claim under ORS 656.273(3) as amended, the physician's report must be sufficient to constitute prima facie evidence in the form of objective findings that claimant's compensable condition has worsened from a medical standpoint. * * * We interpret the minor language change at issue here as having a similar purpose, i.e., to require the medical report to constitute prima facie evidence of all applicable elements provided in ORS 656.273(1) or (8) for establishing a compensable worsening.
>
> "We do not believe the legislation [sic] intended, by the addition of a single word, to leave injured workers without any maintenance or support pending the carrier's acceptance or denial of the aggravation claim. The employer has not provided, and we are not aware of, any legislative history which would suggest that, after notice of an initial injury claim, the employer is required to pay claimant interim compensation, but in the case of an aggravation claim, the employer is required to give the worker no support until the claim is accepted or proven compensable at hearing. Absent plain and unambiguous statutory direction for such a fundamental change of legislative policy, we conclude that ORS 656.273(6) required the employer to pay claimant interim compensation no later than the 14th day after it received medical verification of an inability to work as documented in a medical report which constitutes prima facie evidence of a compensable worsening."

■    Reading the statute in its entirety and in the context of the changes made by the 1990 legislature, we agree with the Board's conclusion that interim compensation continues to be available for aggravation claims. Before ORS 656.273(6) was amended, it provided:

> "A claim submitted in accordance with this section shall be processed by the * * * self-insured employer in accordance with the provisions of ORS 656.262, except that the first instalment of compensation due under ORS 656.262(4) shall be paid no later than the 14th day after the subject employer *has notice or knowledge of medically verified inability to work resulting from the worsened condition*." (Emphasis supplied.)

Under that statute, aggravation claims were processed under ORS 656.262, which has been construed to include the requirement that interim compensation be paid under certain circumstances. *Jones v. Emanuel Hospital*, 280 Or 147, 570 P2d 70 (1977). If the employer accepted or denied the claim within 14 days, it had no duty to pay interim compensation. ORS 656.262(2), (4); *Georgia-Pacific v. Hughes*, 305 Or 286, 293, 751 P2d 775 (1988). However, if the employer delayed responding to the claim longer than that, ORS 656.262 required the employer to pay interim compensation:

> "The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, *except where the right to compensation is denied by the insurer or self-insured employer.*" ORS 656.262(2). (Emphasis supplied.)

In *Jones v. Emanuel Hospital, supra*, 280 Or at 151, the Supreme Court explained why ORS 656.262 required the payment of interim compensation:

> "In the context of ORS 656.262, the word 'compensation' includes what we have called interim compensation. Any other interpretation does violence to the intent of the statute. ORS 656.262 gives the employer two choices: deny the claim or make interim payments. To interpret the word 'compensation' as the employer would have us do would give the employer a third choice: to delay acceptance or denial of the claim while making no interim payments. This third choice would delay the worker's appeal from an adverse decision since the worker cannot appeal until he or she receives the notice of denial. ORS 656.262(6). During this time, the worker would receive no benefits; thus, the employer would be able to gamble on the ultimate outcome of the case and at the same time delay that outcome."

ORS 656.273(6), as amended, continues to require that aggravation claims be processed in accordance with ORS 656.262. It provides:

> "A claim submitted in accordance with this section shall be processed by the insurer or self-insured employer in accordance with the provisions of ORS 656.262, except that the first installment of compensation due under ORS 656.262 shall be paid no later than the 14th day after the

subject employer *has notice or knowledge of medically verified inability to work resulting from a compensable worsening under subsection (1) or (8) of this section.*" (Emphasis supplied.)

Employer's interpretation of ORS 656.273(6) would, in effect, give the employer a third choice: to delay acceptance or denial of the claim, thus delaying the outcome of the claimant's case, while making no interim payments. As the Supreme Court said in *Jones v. Emanuel Hospital, supra,* that result is directly contrary to the statutory scheme for the processing of claims.

The 1990 legislature did not add only the word "compensable," it added "a compensable worsening *under subsection (1) or (8)*[.]*"* (Emphasis supplied.) At that same time, the legislature also amended subsection (1) and added subsection (8). The Board concluded that the legislature added the phrase "a compensable worsening under subsection (1) or (8)" in order to clarify that the duty to pay interim compensation is not triggered unless the *notice* that the employer receives conforms to the requirements for compensability in subsections (1) or (8), as amended. Subsection (1) was amended to require "medical evidence supported by objective findings" and subsection (8) requires that:

"If the worker submits a claim for aggravation of an injury or disease for which permanent disability has been previously awarded, the worker must establish that the worsening is more than waxing and waning of symptoms of the condition contemplated."

As the Board concluded, it is apparent that the legislature added the phrase "a compensable worsening under subsection (1) or (8)" in order to clarify that the new definition of an aggravation claim and the requirement that the worker establish that the worsening is more than waxing and waning must be met before the employer is obligated to pay interim compensation.

The legislative history also supports our conclusion that interim compensation continues to be available for aggravation claims. There was no discussion of eliminating interim compensation for aggravation claims that are supported by objective medical findings. The executive summary

of the changes to ORS 656.273(6), prepared by the Governor's Workers' Compensation Labor Management Advisory Committee, does not even discuss interim compensation for aggravation claims.

■     Finally, employer argues that even if claimant was entitled to interim compensation, the Board erred in ordering it to pay it through July 11, 1990. It contends that because claimant requested a hearing on April 16, 1990, raising the issue of her entitlement to those benefits, its duty to pay interim compensation ended on that date. Employer argues alternatively, that its duty to pay interim compensation ended on April 17, 1990, when claimant was released for regular work by her attending physician.

■     Interim compensation benefits are temporary total disability benefits. *See Bono v. SAIF*, 298 Or 405, 692 P2d 606 (1984). ORS 656.268(3) governs the termination of temporary total disability benefits. It provides:

> "Temporary total disability benefits shall continue until whichever of the following events first occurs:
>
> "(a)   The worker returns to regular or modified employment;
>
> "(b)   The attending physician gives the worker a written release to return to regular employment; or
>
> "(c)   The attending physician gives the worker a written release to return to modified employment, such employment is offered in writing to the worker and the worker fails to begin such employment."

■     Under the above statute, claimant's request for a hearing is not a basis to terminate benefits.[2] *See International Paper Co. v. Huntley*, 106 Or App 107, 806 P2d 188 (1991). Claimant, however, allegedly was released by her attending physician for regular work on April 17, 1990, which under the statute does terminate benefits. However, the Board did not make factual findings regarding whether claimant was actually released by her attending physician for regular work on that date. Accordingly, we remand to the Board for appropriate findings.

---

[2] If the employer had denied the claim its obligation to pay interim compensation would have ended pursuant to ORS 656.262(2).

Remanded to the Board for modification of its award of interim compensation not inconsistent with this opinion; otherwise affirmed.

**RICHARDSON, C. J.,** dissenting.

I agree with the majority that the Board correctly concluded that the chiropractor's report constituted a claim for aggravation under the 1991 amendments to ORS 656.273(3). I disagree with its holding that employer was required to pay interim compensation on the claim that was ultimately found to be noncompensable. The issue on which we disagree is whether the 1991 amendments to ORS 656.273 changed the law about interim compensation. The majority says they did not.

As amended, ORS 656.273 provides, in part:

"(1)   After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. *A worsened condition resulting from the original injury is established by medical evidence supported by objective findings. However, if the major contributing cause of the worsened condition is an injury not occurring within the course and scope of employment, the worsening is not compensable.* * * *

"* * * * *

"(3)   A physician's report *establishing the worsened condition by written medical evidence supported by objective findings* is a claim for aggravation.

"* * * * *

"(6)   A claim submitted in accordance with this section shall be processed by the insurer or self-insured employer in accordance with the provisions of ORS 656.262, except that the first instalment of compensation due under ORS 656.262 shall be paid no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from *a compensable worsening under subsection (1) or (8) of this section.*

"* * * * *

"(8)   *If the worker submits a claim for aggravation of an injury or disease for which permanent disability has been previously awarded, the worker must establish that the worsening is more than waxing and waning of symptoms of the*

*condition contemplated by the previous permanent disability award.*" (Emphasized language added by Or Laws 1990, Special Session, ch 2, § 18.)

In *Jones v. Emanuel Hospital*, 280 Or 147, 151, 570 P2d 70 (1977), the court coined the term "interim compensation" to describe time loss benefits payable to a claimant pursuant to ORS 656.262(2), (4) and (5) between the time when the employer first has knowledge of the claim and when the claim is either accepted or denied. Before it was amended, ORS 656.273(6) required an employer to begin payment of compensation on an aggravation claim "no later than the 14th day after the subject employer has notice or knowledge of medically verified inability to work resulting from *the worsened condition.*" (Emphasis supplied.) Relying on that language and the statute's reference to ORS 656.262(4), which, in 1979, required payment of benefits no later than the 14th day after the employer had notice or knowledge of an injury claim, we held in *Silsby v. SAIF*, 39 Or App 555, 592 P2d 1074 (1979), that a worker making an aggravation claim may be entitled to interim compensation.

The new language in ORS 656.273(6) requires that compensation be paid no later than the 14th day after employer has notice of a medically verified inability to work resulting from "*a compensable worsening* under subsection (1) *or (8)*" of ORS 656.273. (Emphasis supplied.) The statute now speaks of compensable worsening, not just a worsened condition, as the trigger for an employer's obligation to begin paying benefits.

As we said in *Silsby v. SAIF, supra*, ORS 656.273 is a procedural statute and relates only to "when compensation payments must actually be made, not to what period of time the payments must cover." 39 Or App at 562. The question here is whether ORS 656.273 still requires an employer to begin making payment of benefits for time loss from the 14th day after it has notice of an aggravation claim, even if the claim has not been accepted or ordered accepted. The Board held that it does; the majority takes comfort by quoting the Board's opinion.

I do not agree with the Board's or the majority's analysis. In the first place, the legislative changes involve much more than the addition of a "single word." There are

many changes, and the statute must be read in its entirety to determine what they mean.

A compensable worsening is only established by "medical evidence supported by objective findings" showing a worsened condition resulting from the original injury. ORS 656.273(1); *Smith v. SAIF*, 302 Or 396, 730 P2d 30 (1986). A claim is compensable either if the employer accepts it or if it is otherwise determined to be compensable under the standards in the statute. Only after compensability is established is an employer required to begin paying any compensation.

I reject the Board's conclusion that the legislature intended that a medical report that satisfies the requirements of ORS 656.273(3) as an aggravation claim necessarily is sufficient to trigger the obligation to begin paying benefits. If the legislature had intended that, it could have straightfor-wardly said so. Instead, it clearly added a critical word to the equation that supports my analysis. The Board (and the majority) would attach no significance to words that are virtually terms of art in compensation law. If the legislature had intended what the majority says, it could have left out the phrase "compensable worsening" and left in the phrase "worsened condition." The referee concluded that claimant has not established a compensable worsening of her condi-tion, and she does not challenge that. She is, therefore, not entitled to any benefits for time loss.