Argued and submitted February 24, affirmed on petition; reversed and remanded on cross-petition May 12, 1993

In the Matter of the Compensation of
Santiago A. Cruz, Claimant.

## SAIF CORPORATION
and Northwest Shake Tile,
*Petitioners - Cross-Respondents,*

*v.*

Santiago A. CRUZ,
*Respondent - Cross-Petitioner.*

(91-02209; CA A75855)

852 P2d 247

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for petitioners - cross-respondents. With him on the briefs were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Robert Wollheim, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Employer seeks review of an order of the Workers' Compensation Board determining that claimant has established a compensable back injury. Claimant has filed a cross-petition, contending that the Board erred in failing to assess a penalty for employer's withholding of claimant's statement. We affirm on the petition and reverse and remand on the cross-petition.

■ Claimant felt a "pull" in his back on the left side while pulling a roll of shingles at work. He later felt pain in that area and sought medical care. A doctor diagnosed "left upper back strain" on the basis of claimant's complaints and a finding of "tenderness with palpation." SAIF, on behalf of employer, denied the claim on the ground that it is not supported by an "objective finding," as required by ORS 656.005(7)(a). The referee and the Board found that "tenderness with palpation" is an objective finding. We agree, *Georgia-Pacific Corp. v. Ferrer*, 114 Or App 471, 835 P2d 949 (1992), and affirm the Board on the petition.

Claimant does not speak English. After the injury, but before claimant had retained an attorney, a SAIF employee interviewed claimant through an interpreter. SAIF made a tape recording of the interview, and transcribed a paraphrased version of it. In his request for hearing, claimant made a general request for all documents pertaining to the claim. Immediately before the hearing, claimant requested a copy of the statement that he had given to SAIF. SAIF refused to provide claimant with a copy of the tape recording or the transcript at that time; it waited until after it had completed its cross-examination of claimant to provide him with a paraphrase of his statement, and waited until after the hearing to provide him with a transcript of it. In his cross-petition, claimant contends that the Board erred in failing to assess attorney fees against SAIF under ORS 656.262(10)(a) and ORS 656.382(1) for its refusal to produce claimant's statement until after he had testified.

OAR 438-07-015(2) provides, in part:

"Documents pertaining to claims are obtained by mailing a copy of the Request for Hearing or written demand accompanied by an attorney retention agreement or medical information

release, to the insurer or self-insured employer. Within fifteen (15) days of said mailing, the insurer or self-insured employer shall furnish the claimant and other insurers, without cost, originals or legible copies of all medical and vocational reports, records of compensation paid, and all other documents pertaining to the claim(s)."

OAR 438-07-017 provides:

"All medical or vocational material pertaining to and created on or after the date of injury or exposure giving rise to the claim(s) in issue at the hearing shall be disclosed under 438-07-015. *Other documents reasonably believed relevant and material only for purposes of impeachment of a witness need not be disclosed in advance of hearing and may be offered and admitted solely for impeachment.* Documents so offered shall not be considered by the referee as substantive evidence. Upon request, all such documents shall be disclosed prior to the close of the hearing, whether or not offered, at which time the other party may offer the documents as substantive evidence." (Emphasis supplied.)

A violation of those rules, if found to be unreasonable, must be considered a delay in the payment of or refusal to pay compensation under ORS 656.262(10). OAR 438-07-017(5). SAIF contends that it did not disclose claimant's statement to him before his testimony, because it reasonably believed the statement was relevant and material only for purposes of impeachment, as provided in OAR 438-07-017. The Board agreed, with one member dissenting, and concluded that, in light of SAIF's counsel's representation that the statement was intended to be used solely for impeachment and the fact that the statement was not actually used for substantive purposes, SAIF had a reasonable belief that the withheld statement was relevant and material only for impeachment purposes, and therefore, no penalty should be assessed.

The parties do not dispute that, in a determination of whether SAIF violated OAR 438-01-017, SAIF, as the party having withheld the evidence, has the burden to establish that it complied with the rule because it acted with a reasonable belief that the evidence would be relevant only for purposes of impeachment. If it is determined that SAIF had no reasonable belief and therefore violated the rule, whether a penalty should be assessed requires the additional determination of whether SAIF acted unreasonably under all the

circumstances. Claimant has the burden to show that SAIF acted unreasonably.

■   Claimant contends that the Board should not have relied on SAIF"s counsel's unsworn representation as to his intentions for the use of claimant's statement and that, without that representation, there is no evidence to support the Board's finding that SAIF acted with a reasonable belief as to the relevance of the statement. We agree with claimant that SAIF"s counsel's statements merely explained the legal rationale for SAIF"s refusal to provide claimant with his statement. It is the Board's responsibility to determine, after an evaluation of the record and the withheld evidence, whether the party withholding evidence could reasonably have believed that the evidence was relevant only for purposes of impeachment. There is no indication that the Board made that evaluation. It should do so on remand. If the Board determines on remand that SAIF violated the rule because it did not have a reasonable belief that claimant's statement could be relevant only for purposes of impeachment, it should further consider whether SAIF acted unreasonably so as to justify the assessment of a penalty or related attorney fee under ORS 656.262(10).

Affirmed on the petition; reversed and remanded on the cross-petition.