Argued and submitted April 4, 2014, reversed and remanded December 30, 2015

In the Matter of the Compensation of
Leah D. Hamilton, Claimant.

Leah D. HAMILTON,
*Petitioner,*

*v.*

SAIF CORPORATION;
and McMenamins, Inc.,
*Respondents.*

Workers' Compensation Board
1005845; A151151

365 P3d 1116

Peter O. Hansen argued the cause for petitioner. With him on the opening brief was Hansen Malagon. With him on the reply brief was the Law Offices of Peter O. Hansen.

David L. Runner argued the cause and filed the brief for respondents.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

EGAN, J.

**EGAN, J.**

In this workers' compensation case, an administrative law judge (ALJ) dismissed claimant's claim, concluding that her request for a hearing was untimely. Claimant requested review of the ALJ's determination. The Workers' Compensation Board (board) issued an order on review that did not address the issue of the timeliness, but rather proceeded directly to the merits of the claim, ultimately concluding that "SAIF's denial is upheld." Claimant requested reconsideration, arguing that the board was required to decide the timeliness of the claim as a threshold issue and could not reach the merits. The board issued an order on reconsideration that addressed neither the timeliness nor the merits issue of the claim but explained the board's rationale for disposing of the case without addressing timeliness. Nonetheless, the board modified the order on review, stating that "our order [on review] should have stated that the ALJ's order was affirmed (without any reference to upholding SAIF's denial)." On judicial review, claimant renews the arguments she made on reconsideration to the board. SAIF responds that the board's order on reconsideration was a decision on the timeliness of her claim because it affirmed the ALJ's order without reference to the merits of the case. We conclude that the board's order was not a decision on timeliness and further conclude that the board was required to address timeliness as a jurisdictional condition before reviewing the merits of the case. Accordingly, we reverse and remand the board's order.

We review the board's legal determinations for errors of law. *Wantowski v. Crown Cork & Seal*, 175 Or App 609, 614, 29 P3d 1165 (2001).

The facts are undisputed. Claimant, who worked as a line cook, filed a claim related to pain in her wrist. SAIF issued a denial. Claimant requested a hearing before an ALJ. At that hearing, claimant argued that her request for hearing was timely and that her claim was compensable. SAIF responded to both the timeliness argument and the merits argument, which centered on a dispute among the medical experts as to whether work was the major contributing cause of her injury. The medical experts did not testify

at the hearing; however, the ALJ received exhibits that documented the experts' opinions. The only other evidence on the merits of the claim was claimant's testimony discussing her work activities, and her supervisor 's testimony, who stated that claimant's description of her work activities was "pretty accurate." The ALJ concluded the hearing, and claimant did not object to the closing of the record. Ultimately, the ALJ concluded that claimant's request for a hearing was untimely under ORS 656.319 and issued an order dismissing the claim.

Claimant appealed to the board. In her brief to the board, claimant stated that the issues on review included issues related to timeliness. Claimant also stated in her brief that a question before the board was as follows: "[I]f the request for hearing was timely filed, did claimant prove she had a compensable claim?"

The board stated that it was "uphold[ing] SAIF's denial on the merits of the claim. Therefore, [the board] need not address the timeliness issue." The board also specifically stated that it did not adopt the ALJ's finding that claimant's request for hearing was untimely. The board then explained that, on the merits, it found the independent medical examiner, who opined that work was not the major contributing cause of claimant's condition, more persuasive than claimant's treating physician and nurse practitioner, who opined that work was the major contributing cause. The board further explained that it reached that conclusion because the independent medical examiner stated that claimant's work activities were insufficient to cause her condition and her treating physician and nurse practitioner did not explain how claimant's work activities could have caused her condition. Thus, the board concluded that "SAIF's denial is upheld."

Claimant then requested reconsideration, arguing that the board lacked jurisdiction to decide the merits of the claim until the board decided the issue of timeliness.

The board issued an order on reconsideration, explaining that its conclusion in its order on review that it was unnecessary to decide the timeliness issue was "based

on the principle that, as a practical matter, the ultimate outcome would be the same" because claimant would not be entitled to compensation on the merits of her claim. Thus, the board discussed neither the timeliness issue nor the merits issue; but rather, discussed only its rationale for disposing of the case as it did. Nonetheless, the board's order on reconsideration modified its order on review. The order on reconsideration states:

> "Considering that we did not conclusively resolve the 'timeliness/good cause' issue, our order should not have stated that the ALJ's order was 'modified' and that SAIF's denial was upheld. Rather, consistent with our conclusion that it was unnecessary to determine whether the hearing request should be reinstated, our order should have stated that the ALJ's order was affirmed (without any reference to upholding SAIF's denial). By this reference, we correct our prior order."

As mentioned, the parties dispute whether the board's order on reconsideration is a decision on the merits or a decision on the issue of timeliness. SAIF contends that it resolves the issue of timeliness because the board expressly affirmed the ALJ's order and the ALJ's order only addressed timeliness.

We reject SAIF's contention that the order on reconsideration was a decision on the issue of timeliness because the order on reconsideration's only substantive discussion involves the board's rationale for not reaching the issue of timeliness. Moreover, the order on reconsideration states that the board adhered to its reasoning in its order on review aside from a modification to the disposition. In the order on review, the board reasoned that claimant's claim failed on the merits and declined to address the issue of timeliness.

Consequently, here, the issue reduces to whether the board had the power to dispose of this case as it did— that is, to not decide the issue of timeliness, but rather decide that, even if claimant succeeded on the issue of timelines, she was not entitled to compensation on the merits. As mentioned, claimant argues that the board lacks jurisdiction over an untimely request for hearing and, thus, must decide the timeliness of the request as a threshold issue.

SAIF responds that, "under the court's decision in *Sweeden* [*v. City of Eugene*, 95 Or App 577, 769 P2d 805 (1989) (per curiam)], it arguably was error for the board in this case to address the merits of the compensability issue in its initial order on review without first determining the timeliness of claimant's hearing request." We conclude that under *Sweeden*, the board erred.

In *Sweeden*, the claimant sought review of a board order that affirmed a referee's dismissal of her claim because her request for hearing was untimely under ORS 656.319(1)(a). 95 Or App at 578. The claimant contended that the referee "improperly applied the denial to medical services provided and claimed between the date of the denial and the date of the hearing." We affirmed, reasoning that the referee did not have jurisdiction to address any merits of the claim because the request for hearing was untimely. Consequently, we stated that "[o]nly the ruling about timeliness is appropriate for our review." Thus, we concluded that timeliness is a condition of jurisdiction, the failure of which precludes review of the merits. *See also Southwest Forest Industries v. Anders*, 299 Or 205, 218, 701 P2d 432 (1985) ("[T]his court has consistently held that[, in the context of workers' compensation,] perfecting an appeal within the statutory time limits is the key to jurisdiction in the court."). The board has similarly understood *Sweeden* to stand for the proposition that timeliness is a jurisdictional condition that must be satisfied before it can address the merits of a claim. *See, e.g., Jessie G. Ayala, Jr.*, 66 Van Natta 1845 (2014) (citing *Sweeden* and concluding that ORS 656.319(6), like ORS 656.319(1)(a), is a condition of jurisdiction and, therefore, unless ORS 656.319(6) is satisfied, the board cannot address the merits of the claim).

Here, the ALJ ruled that claimant's request for hearing was untimely. The board did not decide that jurisdictional issue. Therefore, the board could not consider the merits of claimant's claim. *Sweeden*, 95 Or App at 578.

Claimant also argues that, if the board decides that her request for hearing was timely, the board is required to remand the claim to the ALJ for a decision on the merits because to do otherwise would deprive claimant of a hearing

on the merits.[1] Because it may arise on remand, we briefly address that argument and reject it. As noted, claimant argued the merits of her claim before the ALJ, there was no live testimony on a disputed issue at that hearing, and claimant did not object to the closing of the record. Moreover, claimant put the merits issue before the board, asking the board to decide the question, "If the request for hearing was timely filed, did claimant prove she had a compensable claim?" Additionally, the board is not obligated to defer to an ALJ's findings of fact. ORS 656.295. Consequently, we conclude that, if the board determines that the claim was timely, then the board may reach the merits directly.

Reversed and remanded.

---

[1] Claimant also appears to argue that allowing the board to address the merits of her claim would violate her due process rights under the United States Constitution. We reject that argument without discussion.