***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted February 15, reversed and remanded
September 14, 2022

In the Matter of the Compensation of
Eric C. Kopf, Claimant.

Eric C. KOPF,
*Petitioner,*

*v.*

SAIF CORPORATION
and City of Sweet Home,
*Respondents.*

Workers' Compensation Board
1805132; A174465

Theodore P. Heus argued the cause and filed the briefs for petitioner.

Michelle L. Shaffer argued the cause and filed the brief for respondents.

Before Shorr, Presiding Judge, and Lagesen, Chief Judge, and Pagán, Judge.*

SHORR, P. J.

Reversed and remanded.

Pagán, J., dissenting.

_____
   * Lagesen, C. J., *vice* Mooney, J.

**SHORR, P. J.**

Claimant petitions for judicial review of an order of the Workers' Compensation Board (board). That order affirmed an order of the administrative law judge (ALJ) concluding that claimant had filed an untimely request for a hearing to challenge SAIF Corporation's denial of claimant's injury claim. Claimant first contends that the board exceeded the authority provided by statute in adopting certain rules related to the timing of requests for review. He also argues that the board erred by refusing to consider a letter from his attorney as evidence of his timely filing. We conclude that claimant's first argument was not preserved for review. However, we agree with claimant's second argument that the board erred in concluding that claimant's attorney's letter, which had previously been admitted into evidence as an exhibit without objection, could not be considered evidence. We therefore reverse and remand the board's order so that it may apply the correct rule in reaching its decision.

The facts relevant to this review are largely procedural and undisputed. On May 14, 2018, claimant filed a claim stating that he was injured while working for employer, City of Sweet Home, when he was removing a manhole cover with a coworker. On June 11, SAIF, employer's workers' compensation insurer, denied the claim.

Acting through his attorney, claimant requested a hearing to challenge the denial. That request was made by letter sent via regular mail.[1] The letter was dated July 17, 2018, was addressed to the board, and was marked with a "cc" (carbon copy) to SAIF. On July 20, 2018, SAIF received a copy of the letter requesting a hearing. Neither party contends that the board actually received the July 17 letter in the following days or weeks.

On October 4, claimant's attorney wrote to the board to follow up on claimant's request for a hearing. The letter stated:

"Enclosed please find a copy of our July 17, 2018, Request for Hearing that shows SAIF's date stamp of receipt of

_____

[1] As noted below, the relevant administrative rule distinguishes between requests sent via registered or certified mail and those sent by regular mail.

July 20, 2018, and our mailing date to SAIF of July 17, 2018. Simultaneously, we mailed the original request for hearing to the board. To date, we have not received a Notice of Hearing. Request is made that this matter be set for hearing."

The October 4 letter was signed by claimant's attorney. The board received the October 4 letter on October 8 and mailed a notice of hearing to the parties.

The hearing occurred in June 2019. Employer and SAIF moved to dismiss, contending that the request for hearing was untimely. The ALJ agreed and dismissed the case. Claimant appealed the ALJ's order to the board. Before the board, claimant argued, "[c]ounsel's statement in the October 4 letter to the board establishes simultaneous mailing of the June 17, 2018, Request for Hearing." The board rejected claimant's argument, stating that "an attorney's unsworn representations do not constitute evidence." The board affirmed the ALJ's order, concluding that "claimant has not rebutted the presumption of untimely filing under OAR 438-005-0046(1)(c), and that 'good cause' for the untimely filing has not been established."

In his first assignment of error, claimant asserts that the board exceeded its statutory authority provided in ORS chapter 656 by creating a rebuttable presumption of untimely mailing in OAR 438-005-0046(1)(c). In his second assignment of error, claimant contends that the board erred when it concluded that his attorney's representation in the October 4 letter did not constitute evidence that could be considered in support of claimant's contention that his request for hearing was timely.

SAIF responds that claimant's statutory authority argument in his first assignment of error was not preserved for review, and that, in any event, the board did not exceed its statutory authority by creating a presumption of untimely filing as described in the rule. In response to the second assignment of error, SAIF contends that the board considered the totality of the evidence, including the unsworn representations contained in the October 4 letter, in concluding that claimant had not persuasively rebutted the presumption of untimely filing.

The relevant administrative rule, OAR 438-005-0046, provides, in part:

"(1)   Filing:

"(a)   Except as otherwise provided in these rules, 'filing' means the physical delivery of a thing to any permanently staffed office of the Board, or the date of mailing;

"*****

"(c)   If filing of a request for hearing *** of *** an Administrative Law Judge's order *** is accomplished by mailing, it shall be presumed that the request was mailed on the date shown on a receipt for registered or certified mail bearing the stamp of the United States Postal Service showing the date of mailing. If the request is not mailed by registered or certified mail and the request is actually received by the Board after the date for filing, it shall be presumed that the mailing was untimely unless the filing party establishes that the mailing was timely[.]"

With those background facts and the issues in mind, we turn to our analysis. As to the first assignment of error, we agree with SAIF that the argument presented in that assignment of error is not preserved. In general, "to raise an issue before the Court of Appeals ***, a party must have preserved it by raising the issue in the original proceeding." *State v. K. J. B.*, 362 Or 777, 790, 416 P3d 291 (2018) (citing ORAP 5.45(1)). That requirement serves the broader purposes of the preservation rule: to provide the lower tribunal with an opportunity "to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record." *K. J. B.*, 362 Or at 790 (citing *State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015)). Indeed, the "touchstone of the preservation doctrine is procedural fairness to the parties and to the [initial tribunal]." *SAIF v. Williams*, 304 Or App 233, 243-44, 466 P3d 1052 (2020) (internal quotations marks omitted).

In the underlying arguments before the ALJ and later before the board, claimant focused on whether the October 4 letter provided sufficient evidence to overcome the untimely filing presumption created by OAR 438-005-0046(1)(c), or alternatively, whether an alleged error in

delivery by the postal service could constitute "good cause" to extend the filing deadline to 180 days. In the argument on review before the board, claimant seemingly accepted the validity of OAR 438-005-0046(1)(c) and did not alert either the board or SAIF to any claim that the rule was unlawful.

We conclude that, as to claimant's statutory construction argument, the purposes of preservation were not served in this case. Claimant's arguments below never alerted the tribunal or SAIF that claimant was contending that the board's rule exceeded the statutory authority provided to the board or was otherwise unlawful. Claimant therefore presented no opportunity for the tribunal to consider that point, nor provided an opportunity for SAIF or employer to meet such an argument. Claimant's argument is unpreserved, and we reject it without further discussion.

Turning to claimant's second assignment of error, that the board erred in concluding that the attorney's statement in the October 4 letter did not constitute evidence in support of claimant's assertion that he timely requested a hearing, we review the board's order for legal error. ORS 183.482(8)(a); *Hamilton v. SAIF*, 275 Or App 978, 980, 365 P3d 1116 (2015).

Claimant contends that the evidentiary record included the October 4 letter, which was admitted without objection before the ALJ, and that once admitted, that letter "must be considered and weighed by the factfinder, even if [it is] ultimately given little or no weight." According to claimant, the board erred in concluding that "an attorney's unsworn representations do not constitute evidence" and then refusing to consider the probative value of the letter against the presumption of untimely filing created by rule.

We agree with claimant that the board's conclusion, at least in the context presented here, was legal error. The board rejected the letter on the basis that "an attorney's unsworn representations do not constitute evidence." The board's conclusion ignored the fact that the October 4 letter containing the attorney's statements had already been admitted into the record without objection. *See Fister*

*v. South Hills Health Care*, 149 Or App 214, 219, 942 P2d 833 (1997), *rev den*, 326 Or 389 (1998) (concluding that, because the employer had not objected to the admission of the claimant's testimony at the hearing before the ALJ, the board should not have entertained the argument first made to the board that the evidence was inadmissible); *see also Camacho v. SAIF*, 263 Or App 647, 656, 330 P3d 1242 (2014) (concluding that the board erred in disregarding the claimant's statements in a form simply because they were in Spanish after the form had been admitted into evidence without objection).[2]

Further, there is no support for the blanket conclusion that an attorney's statements in a letter must be sworn to be considered as evidence. There is no requirement, of which we are aware, that a letter must contain sworn statements to be admissible before the board.[3] Indeed, the board "may receive hearsay evidence and evaluate its weight in the light of the circumstances of the case." *Zurita v. Canby Nursery*, 115 Or App 330, 334, 838 P2d 625 (1992), *rev den*, 315 Or 443 (1993).

In reaching its conclusion, the board relied on *SAIF v. Cruz*, 120 Or App 65, 852 P2d 247 (1993). That case, however, did not hold that a letter containing an attorney's unsworn statement may never be admitted as evidence. Instead, there we concluded that a statement by SAIF's attorney provided only a legal rationale for SAIF's withholding of certain evidence until after it had cross-examined the claimant, and that the board had failed to evaluate whether SAIF had reasonably believed that the evidence was relevant only for impeachment purposes. *Id.* at 69. We did not conclude that a party's attorney's unsworn

---

[2] We note that SAIF's briefing before the board did not contend that the letter could not be considered evidence as a matter of law, but, rather, SAIF argued that the letter was not a certificate of service and did not itself otherwise provide sufficient information to determine the mailing date of the request for hearing.

[3] Of course, an attorney's arguments to a factfinder are not evidence. *State v. Green*, 140 Or App 308, 317 n 11, 915 P2d 460 (1996). Further, there may be other bases for rejecting the admission of an attorney's letter or the statements therein as evidence. We do not attempt to state a general rule for when an attorney's statements may be admitted. That an attorney's letter's statements are unsworn, however, is not a legitimate basis for refusing to admit the content of a letter as evidence.

statements—particularly ones made, as here, in an admitted exhibit—may not be evidence.

SAIF also contends that the board did, in fact, consider the October 4 letter as evidence. We disagree. Although the board's order is not entirely clear, the board went on to consider whether the attorney's letter was a certificate of service or perhaps the equivalent of a certificate of service. The board, however, concluded that the October 4 letter could *not* function as a certificate of service. There is no indication that the board then nevertheless considered the October 4 letter as evidence in evaluating whether claimant had met his burden to show that the hearing request was timely. Indeed, such consideration would have been contrary to the board's clear conclusion that it could not consider the attorney's representations in that letter as evidence.

We agree with claimant that the board erred when it failed to consider the admitted October 4 letter as evidence in support of claimant's argument that the hearing request was timely. If it had done so, the board could then have decided the persuasiveness of that evidence in light of the record as a whole. It can now do so on remand. *See Fister*, 149 Or App at 219 (remanding to the board so that it could consider improperly excluded evidence).

Reversed and remanded.

**PAGÁN, J.,** dissenting.

While it is never appropriate for a factfinder to dismiss any exhibit that has been admitted into evidence as "not evidence," I disagree with my colleagues that the statement by the board in this case about the attorney's letter warrants revisiting the matter on remand. First, it is debatable that the letter, which was created well after the filing in question and was thus not corroborative of any fact, should have been considered "evidence" beyond the fact that it was not objected to when it was proffered into evidence. While the board's statement was curt, it accurately reflected the weight the letter commanded. In any event, my reading of the board's opinion convinces me the board did deem the letter as evidence worth considering, weighing its value in light of relevant case law, and properly deemed it

insufficient. Had the board simply added one word to their opinion—"sufficient"—I am confident this remand would not occur. I respectfully dissent.