No. 212 March 18, 2026 857

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Eric C. Kopf,
Claimant.

Eric C. KOPF,
*Petitioner,*

*v.*

SAIF CORPORATION
and City of Sweet Home,
*Respondents.*

Workers' Compensation Board
1805132;
A183989

Argued and submitted September 24, 2025.

Theodore P. Heus argued the cause and filed the briefs for petitioner.

Michelle L. Shaffer argued the cause and filed the briefs for respondents.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

This case returns to us following our earlier remand to the Workers' Compensation Board (board). *Kopf v. SAIF*, 321 Or App 764 (2022) (nonprecedential memorandum opinion). The board had previously concluded that claimant's request for a hearing, which challenged SAIF Corporation's denial of his injury claim, was untimely. *Id.* at 766. In doing so, the board had rejected considering statements made by claimant's attorney in a letter that had explained how counsel had timely mailed a hearing request to the board. *Id.* at 765-66. We reversed, concluding that the board had erred in determining that the attorney's unsworn statements in the letter could not be considered as evidence. *Id.* at 768-69. We remanded to the board to decide "the persuasiveness of that evidence in light of the record as a whole." *Id.* at 770. On remand, the board did consider the letter as evidence but ultimately remained unpersuaded in light of the entire record that claimant had timely filed the request for hearing. The board, therefore, again rejected claimant's request for hearing as untimely. Claimant petitions for review of the board's order on remand, raising three assignments of error. For the reasons briefly discussed below, we affirm.

We need not recite the facts. Indeed, nearly all of the significant facts are set forth in our prior opinion. *Id.* at 765-66. The only new facts, as noted above, are that, on remand, the board considered claimant's attorney's letter as evidence. The board then decided, in light of all of the evidence before it, that claimant still did not demonstrate that he timely requested a hearing.

Claimant first assigns error to the board's conclusion that his request for hearing was untimely, arguing that the board should have triggered the 60-day deadline for claimant to request a hearing under ORS 656.319 based on when the insurer's denial of the claim was mailed to *claimant* rather than when the denial was mailed to claimant's *counsel*. Citing authority from our court and from the board, the board rejected that argument as unpreserved, because claimant only raised that argument for the first time following our limited remand. We see no legal error in the board's decision on lack of preservation. *See Marsh v. SAIF*, 297 Or

App 486, 491, 442 P3d 1122 (2019) (noting the board's plenary authority under ORS 656.726(5) to create and enforce rules of preservation).

For similar reasons, we reject as unpreserved claimant's second assignment of error, in which he contends that the board's rulemaking exceeded the statutory authority delegated to it. Indeed, we observed in our prior decision that claimant had "never alerted the tribunal or SAIF that claimant was contending that the board's rule exceeded the statutory authority provided to the board or was otherwise unlawful." *Kopf*, 321 Or App at 768. Nothing about our limited remand caused that issue to arise again in a way that may have either excused preservation or properly put it at issue for the first time.

Finally, we reject claimant's third assignment of error on the merits. Claimant contends that the board erred in concluding that his request for hearing was untimely filed. Before the board, claimant had the burden to overcome the presumption that his request for a hearing, which had not been timely received by the board and had not been sent by registered or certified mail, was untimely. *See* OAR 438-005-0046(1)(c) (stating that if a request for hearing is not mailed by registered or certified mail and the request is received by the board after the due date, it is presumed the filing is untimely "unless the filing party establishes that the mailing was timely"). We conclude that the board did not have to credit the evidence in claimant's favor and was not compelled to conclude on this record that claimant had rebutted the presumption that his filing was untimely. The board's conclusion does not include legal error and was based on substantial evidence and reason. ORS 656.298(7); ORS 183.482(7), (8).

Affirmed.